————o————

## No. 3578.

(Court of Appeal, Parish of Orleans.)

JOHN F. LINDNER vs. JOSEPH P. MARTINEZ.

Appeal from Civil District Court, Division "C."

Theo. Cotonio, for Plaintiff and Appellee.

Henry J. Rhodes, for Defendant and Appellant.

ON MOTION TO DISMISS.

Where the motion and order of appeal is from the ."Judgment rendered," an averment in the motion for appeal that the error consists of the fact that the costs have been improperly adjudged against the litigant moving the appeal, cannot be construed as intending an appeal solely from so much of the judgment as concerns the costs and therefore unappealable separately from the other matters concerned by the judgment.

MOORE, J. Appellee seeks the dismissal of this appeal on the ground that the judgment rendered in this cause is not appealed from, but that the appeal is only from so much of the judgment as concerns the defendant, who is the appellant here, to pay the costs, which portion of the judgment it is contended, may not be separately appealed from.

We do not so understand either the motion of appeal or the order thereon.

The former specifically states "That defendant desires to suspensively appeal from said judgment;" the date of the rendition and signing being given; and the latter orders a suspensive appeal

60

from said judgment, fixing the amount of the appeal bond in an amount sufficient to bring up the whole case for review.

The motion for appeal, it is true, avers that the error in the judgment consists in the fact that the defendant was condemned to pay the costs. This averment, however, is to be construed rather as an assignment of errors than as limiting the appeal to a portion of the judgment only.

The motion to dismiss is denied.

November 14th, 1904.

## On the Merits.

DUFOUR, J. The plaintiff, alleging a purchase by him at tax sale of an undivided half interest in certain real estate and the expiration of a year without redemption, sues the defendant for a partition.

The defense is that a tender was made within the time and in the manner required by law, and was refused and that plaintiff's title, thereby, was divested.

The evidence satisfies us that Martinez' ownership at the time of the sale was never questioned by the plaintiff and that a sufficient tender was seasonably made and refused.

It follows that, from that moment, the tax title was defeated. Busha vs. Register, 3324 of our docket, affirmed by Supreme Court.

No consignment is necessary; Section 65 of Act 170 of 1898, cited by plaintiff says that, in certain cases, the redemption money may be deposited with the tax collector, not that it *shall* or *must* be.

Therefore the plaintiff, being without title, had no standing to ask for a partition, and to this extent we agree with the district Judge. But we think he erred in making the defendant pay costs when the judgment was in his favor. The plaintiff's sole claim was for a partition and his demand was rejected; the defendant

61

urged that plaintiff be decreed to be without title and he was successful. The rule of law is that costs follow the judgment. The plaintiff's interest was protected by making pre-payment of the tender money a condition precedent of the cancellation of his tax title, and no further judgment was necessary, ordering defendant to pay plaintiff such amount. The fact that such further order was made when plaintiff did not pray for any such relief, cannot in law or in equity fasten the costs on the successful litigant.

Judgment amended by condemning plaintiff to pay costs of the lower Court, and as amended, it is affirmed, at appellee's cost.

December 12th, 1904.